**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action Number 11-CV-00119-WDM-BNB

SENTRY INSURANCE, A MUTUAL COMPANY

Plaintiff,

v.

ST. CLAIRE'S ORGANICS, INC.

Defendant.

---

**~~STIPULATED MOTION FOR ENTRY OF A PERMANENT~~ PROTECTIVE ORDER**

---

~~COMES NOW Plaintiff, Sentry Insurance, A Mutual Company ("Sentry"), by and through its attorneys, Zupkus & Angell, P.C., and Defendant St. Claire's Organics, Inc. ("SCO"), by and through its attorneys, Roberts Levin Rosenberg, PC.~~ The parties have agreed that certain information, documents, and/or things which may be disclosed, discovered, produced, and/or testified to in connection with this action may contain trade secrets or other confidential research, development, or commercial information. ~~Consequently, Sentry and SCO agree to the entry of, and respectfully request that the Court pursuant to FED. R. CIV. P. 26(c)(1) grant, a Permanent Protective Order as follows:~~

The Court Orders that:

1

1. In connection with any discovery or other pre-trial proceedings in this action, the parties may designate any document, thing, material, testimony, or other information derived from same as confidential under the terms of this ~~Permanent~~ Protective Order ("Order"). "Confidential Material" is that which counsel reasonably believes, after appropriate investigation, contains trade secrets or other private, confidential, proprietary, and/or commercially sensitive information.

2. Material designated as Confidential Material under this Order shall be labeled by stamping copies of each page of the material with the legend "CONFIDENTIAL". Confidential Material may also be designated confidential after production by written communication and reproduction of the original documentation with the "CONFIDENTIAL" legend, and all parties shall use their best efforts to ensure that no prior disclosure under the terms of this Order shall be used or re-disclosed contrary to the terms of this Order. ~~Alternatively, the party producing Confidential Material may, instead of labeling each document confidential, send a letter to the receiving party identifying by Bates label number the documents or materials that are to be treated as confidential.~~

3. Deposition~~, hearing, or other~~ testimony, and any related exhibits may also be designated as confidential by making a statement to that effect on the record at any deposition ~~or other proceeding subject to rulings of the Court as to confidentiality~~, and shall apply to any format in which the deposition~~, hearing, trial or other~~ testimony, and its related exhibits, is recorded.

4.

2

(a) Confidential Material produced pursuant to this Order may be disclosed to or made available to only: the United States District Court for the District of Colorado ("Court") and all Court employees under seal; the jury in this action, if there are any issues to be decided by a jury (subject to such limitations or protections as the Court may impose); counsel for a party to this action (including the paralegal, clerical, and secretarial staff employed by such counsel); and a "Qualified Person."

(b) A "Qualified Person" is a person who falls into one of the following categories:

   i. a party, or an officer, director or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

   ii. an expert or consultant (together with their clerical staff) retained by counsel for a party to assist in the prosecution, defense, or settlement of this action;

   iii. court reporter(s) employed in this action;

   iv. a witness at any deposition or at trial who has or is reasonably likely to have information relating to such Confidential Material; and

   v. any other person likely to have information relating to the Confidential Material.

(c) Prior to being provided any Confidential Material by counsel for a party to this action, a Qualified Person shall be provided with a copy of this Order, be advised consistent with and sign a statement stating:

> I have been provided with a copy of, and have reviewed and understand, the Court's PERMANENT PROTECTIVE ORDER in Civil Action Number 11-CV-00119-WDM-BNB ("Court Order"). I understand that counsel to a party to this action wishes to provide me with Confidential Material, material that may contain trade secrets or other confidential research, development, or commercial information. I understand I am to

3

        be provided with [*description of Confidential Materials to be provided to Qualified Person, by Bates range if possible*]. I have been advised that and I agree that I am not permitted to: discuss this material with anyone, other than persons enumerated in ¶ (4)(a) of the Court Order; to disseminate or cause to be disseminated this material to anyone, other than persons enumerated in ¶ (4)(a) of the Court Order; or to make or retain any copy (including any copy of, summary of, and/or note detailing the substance of) this material following completion of my review of materials provided me that have been marked CONFIDENTIAL. I have further been advised that the Court Order survives the termination of Civil Action Number 11-CV-00119-WDM-BMB.

        I understand and agree to comply with the above and with the Court Order.

_____         _____
Signature                                                        Date

_____
Printed/Typed Name

(d) Counsel for the parties shall retain such signed statements and shall, upon termination of this action, exchange same.

5. ~~On the request of either party, any non-qualified person shall be excluded from any deposition during the period in which Confidential Material is disclosed.~~

6. Nothing herein shall prevent the use or disclosure by a party of its own Confidential Material as it deems appropriate, except that if the material is disclosed in a manner inconsistent with this Order, it may lose its status as Confidential Material.

7. **Any request to file materials under seal must comply with the requirements of D.C.COLO.LCivR 7.2.** ~~If Confidential Material is included in any papers to be filed before the Court, such papers, in addition to being stamped "CONFIDENTIAL", shall be filed in a sealed envelope clearly labeled~~

4

~~"CONFIDENTIAL—DISCLOSE ONLY SUBJECT TO COURT'S ORDER" and filed under seal until further order of the Court.~~

8. ~~In the event that any Confidential Material is used in any proceeding in this action, it shall not, unless it is disclosed to the public, lose its confidential status through such use.~~

9. **A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.**

~~This Order shall be without prejudice to the right of any party at any time to file a motion with the Court upon reasonable notice (which shall ordinarily be not less than five days) to all parties: to challenge either the designation of any particular document or information as Confidential Material or whether its use should be restricted, provided such party has first made a good-faith attempt to resolve such question with the designating party; or to seek a separate protective order as to any particular document or information, including restrictions differing from those specified herein. This Order shall not be deemed to create any reliance interests or prejudice the parties in any way in any future application for modifications of this Order. The burden of establishing that any information has been properly designated as Confidential Material shall be on the party which seeks to uphold the designation, as if that party had been making a motion for a protective order in the first instance and prior to having made disclosure.~~

10. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action and the Court without involving the Court unnecessarily in the process. Nothing in this Order nor the reproduction of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by any party or of altering the confidentiality or non-confidentiality of any such

document or information or altering any existing obligation of any party or the absence thereof.

11. This Order shall survive the termination of this action (by settlement or final judgment and completion of appeal, if any).

12. Upon termination of this action (by settlement or final judgment and completion of appeal, if any), counsel for the parties shall return to each other all Confidential Material, including all copies of same, or (by mutual agreement only) shall certify the destruction thereof, except counsel shall be permitted to retain for its files copies of all papers and documents filed with the Court.

Dated October 26, 2011.

BY THE COURT:

s/ Boyd N. Boland

United States Magistrate Judge

7

STIPULATED TO AND APPROVED AS TO FORM this ____day of _____ _____, 2011.

By: _____
Richard L. Angell
Zupkus & Angell, P.C.
The McCourt Mansion
555 East Eighth Avenue
Denver, CO 80203
Telephone: (303) 894-8948
Email: rangell@zalaw.com
*Attorney for Sentry Insurance*
*A Mutual Company*

By: _____
Michael J. Rosenberg
Roberts Levin Rosenberg, PC
1660 Wynkoop Street, Suite 800
Denver, CO 80202
Telephone: (303) 575-9390
Email: mjr@robertslevin.com
*Attorneys for St. Claire's Organics, Inc.*

~~DONE AND ORDERED this ___ day of _____, 2011.~~

_____
~~District Court Judge~~