IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00119-REB-BNB

SENTRY INSURANCE A MUTUAL COMPANY,

Plaintiff,

v.

ST. CLAIRE'S ORGANICS, INC.,

Defendant.
_____

**ORDER**
_____

This matter arises on the **Unopposed Motion to Amend Scheduling Order to Extend Discovery Cutoff By Two Weeks and to Reset Hearing on Plaintiff's Motion for Sanctions From December 21, 2011 to January 6, 2012** [Doc. # 73, filed 12/20/2011] (the "Motion").

The Motion is GRANTED to reset the hearing on the Motion for Sanctions DENIED in all other respects.

A scheduling order may be amended only upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). In this regard:

> Rule 16(b) does not focus on the bad faith or the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Colorado Visionary Academy v. Medtronic, Inc., 194 F.R.D. 684, 687 (D. Colo. 2000)(internal quotation and citation omitted). Here, the parties have failed to act diligently to attempt to meet

the deadlines.

I held a scheduling conference and entered a Scheduling Order on May 26, 2011. Scheduling Order [Doc. # 28]. I refused the parties' request to stay discovery and other pretrial proceedings pending the determination of the defendant's motion to dismiss. I set a discovery cut-off of November 30, 2011, and a dispositive motion deadline of December 30, 2011. Id. at p. 5. Subsequently, I extended the discovery cut-off to December 30, 2011. Order [Doc. # 48, filed 8/29/2011].

Despite my refusal to stay discovery pending a ruling on the defendant's motion to dismiss, and the general rule in this district that discovery is not stayed pending the determination of such motions, Chavez v. Young America Ins. Co., 2007 WL 683973 *2 (D. Colo. March 2, 2007), I am informed that the parties engaged in no discovery from the date of the scheduling conference (May 26, 2011) until September 15, 2011. Motion [Doc. # 73] at ¶¶7, 10. This delay of nearly four months time before initiating any discovery demonstrates a lack of diligence, precluding the requested extensions of the discovery cut-off date and the date by which the plaintiff must designate experts.

I am informed that defendant's counsel is not available for the hearing on the Motion for Sanctions, which I set on short notice. Consequently, I will reset that hearing to January 6, 2012, at 8:30 a.m.

IT IS ORDERED that the Motion [Doc. # 73] is GRANTED IN PART and DENIED IN PART as follows:

• GRANTED to reset the hearing on the Motion for Sanctions. The hearing on December 21, 2011, at 8:00 a.m., is VACATED and RESET to January 6, 2012, at 8:30 a.m., in Courtroom

401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado; and

• DENIED in all other respects.

Dated December 20, 2011.

                                                BY THE COURT:

                                                s/ Boyd N. Boland
                                                United States Magistrate Judge