**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 11-cv-00119-REB-BNB

SENTRY INSURANCE A MUTUAL COMPANY,

    Plaintiff,

v.

ST. CLAIRE'S ORGANICS, INC.,

    Defendant.

**ORDER RE: MOTION FOR SUMMARY JUDGMENT**

**Blackburn, J.**

    The matter before is plaintiff's **Motion for Summary Judgment** [#78],[1] filed December 29, 2011. I grant the motion in part and deny it in part.[2]

### I. JURISDICTION

    I have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

    Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED. R. CIV. P.** 56(c);

---

[1] "[#78]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the papers. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.

When the movant is the party who bears the burden of proof, it must submit evidence to establish every essential element of its claim or affirmative defense. *See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation*, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995). All the evidence must be viewed in the light most favorable to the party opposing the motion. *Simms v. Oklahoma ex rel. Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999).

### III. ANALYSIS

This suit concerns a claim for benefits under a commercial business insurance policy first issued by plaintiff to defendant. The policy lists defendant's production facility located at 2275-A W. Midway Boulevard in Broomfield, Colorado, as the covered premises. Defendant's corporate headquarters located at 997 Dixon Road, Boulder,

Colorado, are not disclosed as a covered location.  After the Fourmile Canyon wildfire destroyed the Dixon Road property in September 2010, defendant submitted a claim for losses of property and business income.  Plaintiff seeks a declaration that these losses are not covered by the policy.  It now seeks summary judgment on that issue, as well as with respect to defendant's counterclaims for negligence and bad faith breach of insurance contract.[3]

Because an insurance policy is a contract, questions regarding coverage *vel non* are resolved according to principles of contract interpretation.  **Thompson v. Maryland Casualty Co.**, 84 P.3d 496, 501 (Colo. 2004).  The primary goal in interpreting the contract of insurance is to effectuate the intent of the parties.  **Union Insurance Co. v. Houtz**, 883 P.2d 1057, 1061 (Colo. 1994); **Simon v. Shelter General Insurance Co.**, 842 P.2d 236, 239 (Colo. 1992).  To accomplish this objective, the terms of the policy are given their plain and ordinary meanings, unless the policy itself indicates that the parties intended otherwise.  **Bohrer v. Church Mutual Insurance Co.**, 965 P.2d 1258, 1261-62 (Colo. 1998); **Chacon v. American Family Mutual Insurance Co.**, 788 P.2d 748, 750 (Colo. 1990).  Policy provisions that are clear and unambiguous should be enforced as written.  **Chacon**, 788 P.2d at 750; **Kane v. Royal Insurance Co. of America**, 768 P.2d 678, 680 (Colo. 1989).

Although the policy of insurance in this case is indeed lengthy and

---

[3] In a footnote, plaintiff suggests that the arguments presented in its motion are sufficient to entitle it to summary judgment as to all defendant's counterclaims.  I do not consider such inadequately briefed arguments, and, thus, except to the extent that my resolution of plaintiff's claims for declaratory relief is necessarily determinative of defendant's contrary counterclaims, I reject plaintiff's invitation to address and consider arguments it has not affirmatively and properly presented in its motion.

comprehensive, it is not unduly confusing or difficult to construe.  The policy clearly states that the covered "premises" are those located a W. Midway Blvd, designated as Premises 001.  (**Plf. Resp. App.**, Exh. 5-1 at SCO 000406.)  The initial Declarations page shows that the policy consists of six separate coverage parts, including most relevantly for present purposes, the "Commercial Property Coverage Part."  (***Id.***, Exh.5-1 at SCO 000405.)  The "Building and Personal Property Coverage Form" that follows and more fully spells out the coverage provides that plaintiff "will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss."  (***Id.***, Exh. 5-1 at SCO 000415.)

A "Commercial Property Declarations" page summarizes the  "Coverages Provided" and the applicable deductibles, including coverage for, *inter alia*, "Your Business Personal Property" and "Business Income Other Than Rental Value Including Extra Expense" as to Premises 001. (***See id.***, Exh. 5-1 at SCO 000410.)   The policy also provides coverage for various types of "Property Not At Described Premises," defined as "covered property that is not at premises listed in the description of premises."  This coverage includes four categories, including "Property at Any Location."  (***Id.***)  However, this designation – "Property at Any Location" – is not used elsewhere in the policy.

The central question presented here is whether the term "Property Off-Premises" is equivalent to "Property at Any Location."  The Building and Personal Property Coverage Form provides for certain "Coverage Extensions."  One such form of

4

extended coverage is available for "Property Off-Premises":

> You may extend the insurance provided by this Coverage Form to apply to your Covered Property while it is away from the described premises, if it is:
>
>> (a) Temporarily at a location you do not own, lease or operate; . . .

(*Id.*, Exh. 5 at SCO 00426, ¶ I. A.5.d(1).) When such additional coverage is provided, the "Special Broadened Property Coverage" endorsement, CP 80 26 08 08 (the "SBPC"), applies. As provided in the SBPC's "Summary of Coverage Limits," the scope of insurance is defined by the SBPC. (*Id.*, Exh. 5-1 at SCO 000413.) In turn, the SBPC modifies the Coverage Form such that "[t]he most [plaintiff] will pay for loss of damage to this property is the limit shown in the declarations for property at any location." (*Id.*, Exh. 5-2 at SCO 000513-514.)

Thus, although defendant suggests that the term "Property at Any Location" is broader than "Property Off-Premises,"[4] the policy itself treats these terms as synonymous. Therefore, the SBPC's limitation of coverage to 'Property Off-Premises" which the insured owns, leases, or operates applies equally to "Property at Any Location." (*Id.*, Exh. 5 at SCO 00426, ¶ I. A.5.d(1).)[5] Because it is undisputed that defendant leased and operated out of the Dixon Road location, the policy provides no

---

[4] The record cites to which defendant directs the court do not support its suggestion that plaintiff's witnesses have agreed that such a metaphysical distinction exists. (*See* **Def. Resp.** at 11 (citing **Def. Resp. App.**, Exh. 1 at 99, Exh. 6 at 72 & 81-84).)

[5] It is true, as defendant points out, that the SBPC is not referenced in the Commercial Property Declarations as specifically applicable to Property at Any Location, whereas it is there listed as applicable to other types of coverage provided by the policy. (*See* **Def. Motion App.**, Exh. 5-1 at SCO 000410.) However, such a reference would be redundant since the coverage summary specifically incorporates the SBPC. (*See id.*, Exh. 5-1 at SCO 000413.)

coverage for any property losses incurred there.

The analysis with respect to defendant's claim for coverage under the Business Income and Extra Expense provisions of the policy is even more straightforward. The SBPC modifies coverage for loss of business income "Resulting From Damage to Property Away from Described Premises" resulting from "necessary suspension of 'operations' as a result of direct physical loss of or damage to covered property away from described premises by any Covered Cause of Loss." (*Id.*, Exh. 5-2 at SCO 000525.) "Operations" is defined by the policy to mean "business activities occurring at the described premises." (*Id.*, Exh. 5-1 at SCO 000456.)   It is undisputed that Dixon Road is not a premises described in the policy, and defendant neither argues nor proffers evidence to suggest that operations were suspended at W. Midway as a result of the fire.  Accordingly, plaintiff is entitled to summary judgment on this aspect of its claim for declaratory judgment as well.

My determination of these issues also resolves defendant's counterclaims for breach of contract and declaratory judgment, as well as those aspects of defendant's counterclaims for bad faith breach of insurance contract and violation of §§10-3-1115 & 10-3-1116, C.R.S., that are premised on the allegedly erroneous denial of benefits. As to the remaining counterclaims, however, it is apparent that there exist genuine issues of material fact that are not appropriate for summary resolution. I thus deny plaintiff's motion for summary judgment as to those counterclaims.

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's **Motion for Summary Judgment** [#78] filed December 29, 2011, is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. That the motion is **GRANTED** concerning

        (1) Plaintiff's claims for declaratory relief;

        (2) Defendant's First and Fourth Claims for Relief as asserted in defendant's **Answer, Counterclaims, and Jury Demand** [#49] filed August 29, 2011;

        (3) Defendant's Second Claim for Relief insofar as it is premised on the allegations set forth in ¶¶ 41.b. & 41.e. of defendant's **Answer, Counterclaims, and Jury Demand** [#49] filed August 29, 2011; and

        (4) Defendant's Third Claim for Relief insofar as it is premised on the allegedly erroneous denial of benefits (as opposed to the allegedly unreasonable delay in processing the claim for benefits) as set forth in defendant's **Answer, Counterclaims, and Jury Demand** [#49] filed August 29, 2011;

    b. That the claims enumerated in paragraph 1.a. above are **DISMISSED WITH PREJUDICE**; and

    c. That in all other respects, the motion is **DENIED**; and

2. That at the time judgment enters, judgment **SHALL ENTER** on behalf of

plaintiff Sentry Insurance A Mutual Company against defendant St. Claire's Organics, Inc., on the claims for relief and causes of action set forth in paragraph 1.a. above; provided, that the judgment as to these claims shall be with prejudice.

Dated August 20, 2012, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge